296055

STATE OF RHODE ISLAND
PROVIDENCE, SC.,

SUPERIOR COURT

GLORIA A. BRETHOUR, Personal Representative of the Estate of ROSS MAXWELL BRETHOUR,

Plaintiffs,

v.

VIAD Corp. for Griscom-Russell

Defendants.

C.A. No.: PC 06-2919

CA 06 307 L

# NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. SECTIONS 1442(a)(1) AND 1446(a)

**TO THE CLERK OF THE ABOVE-REFERENCED COURT:**

**PLEASE TAKE NOTICE** that Defendant, Viad Corp. for Griscom-Russell, hereby removes to this Court the state court action described below, pursuant to 28 U.S.C. sections 1442(a)(1) and 1446(a).

## PRELIMINARY MATTERS

1. On or about May 30, 2006 Plaintiff Gloria A. Brethour, Personal Representative of the Estate of Ross Maxwell Brethour, filed this lawsuit (the "Complaint") in the Superior Court of the State of Rhode Island, Providence County C.A. No. 06-2919 and entitled Gloria A. Brethour, Personal Representative of the Estate of Ross Maxwell Brethour v. Viad Corp, for Griscom-Russell et al. A true and correct copy of the Complaint is attached hereto as Exhibit "A."

2. Defendant VIAD Corp. for Griscom-Russell ("VIAD") was served with the Complaint on June 7, 2006. This was the first date upon which VIAD received a copy of the Complaint. A true and correct copy of the summons is attached hereto as Exhibit "B."

3. This Notice of Removal is timely in that it is filed within 30 days of service of the Complaint by which VIAD received its first notice of the facts indicating that the case was removable within the meaning of 28 U.S.C. §1446(b).

## NATURE OF THE CASE

4. This case is based upon Plaintiff's allegations that the decedent died of an asbestos-related disease, allegedly caused by his exposure to asbestos dust and/or fibers.

5. Plaintiff asserts claims for negligence, failure to warn, breach of express and implied warranties, strict liability, wrongful death, and loss of consortium against VIAD and other Defendants.

## GROUNDS FOR REMOVAL

6. The Complaint discloses that Plaintiff claims that the decedent was exposed to asbestos and asbestos-containing products while working as a boilerman on the USS McCaffery from 1961-1964 (See ¶ 5 of Complaint).

7. Plaintiff alleges that VIAD is the successor-in-interest to "Griscom-Russell" ("GRISCOM RUSSELL"). VIAD disputes that it is a successor-in-interest to GRISCOM RUSSELL. On information and belief, the defendant believes that the plaintiff alleges that GRISCOM RUSSELL manufactured and sold equipment to the United States Navy which caused or contributed to the death of the plaintiff's decedent. Any equipment GRISCOM RUSSELL manufactured and sold to the United States Navy was done so pursuant to

procurement contracts entered into with the United States Navy and in accordance with precise specifications required by the United States Navy.

8. VIAD may remove this entire action because in manufacturing and selling equipment to the United States Navy, its ***alleged*** predecessor GRISCOM RUSSELL was acting under an officer or agency of the United States of America within the meaning of 28 U.S.C. §1442(a)(1).

9. Should Plaintiff file a motion to remand this case, VIAD respectfully requests an opportunity to respond more fully in writing, but offers the following authorities at this time regarding removal.

10. Removal pursuant to 28 U.S.C. §1442(a)(1) is appropriate where the moving party can (1) demonstrate that it acted under the direction of a federal officer; (2) raise a colorable federal defense to plaintiff's claims; and (3) demonstrate a causal nexus between plaintiff's claims and acts it performed under color of federal office. *Mesa v California*, 489 U.S. 121, 124-25 (1989). All three elements have been satisfied and VIAD is entitled to federal officer removal.

11. Any equipment manufactured for the United States Navy by GRISCOM RUSSELL, as alleged, was manufactured under the direction of a federal officer. GRISCOM RUSSELL designed and manufactured any equipment sold to the United States Navy according to the precise, detailed specifications of the United States Navy. The United States Navy enforced compliance with those design specifications. No aspect of the design of that equipment escaped the close control of the United States Navy and its officers. Moreover, the United States Navy specified what was to be written, posted, printed and published on any

nameplate or signage for any machine GRISCOM RUSSELL manufactured for the United States Navy.

12. As recognized by United States Supreme Court in *Boyle v. United Technologies Corp.* 487 U.S. 500, 512 (1988), VIAD, as the alleged successor-in-interest to GRISCOM RUSSELL, has a federal defense to the action, namely the government contractor immunity from liability for injuries arising from any exposure to asbestos from equipment GRISCOM RUSSELL manufactured pursuant to contracts with and specifications required by the United States Navy.

13. Plaintiff's claims are based on the decedent's alleged exposure to asbestos from material and equipment installed on Naval vessels. GRISCOM RUSSELL can demonstrate a causal nexus because any GRISCOM RUSSELL equipment that the decedent allegedly came into contact with was designed and manufactured in strict accordance with the specifications required by the United States Navy.

14. VIAD has raised a colorable federal defense to Plaintiff's claims. Pursuant to the government contractor defense, VIAD cannot be liable under state law for any injuries caused by equipment it sold to the United States Navy. VIAD, as alleged successor-in-interest to GRISCOM RUSSELL, has more than a colorable claim that it is entitled to immunity from state tort law under the federal government contractor defense.

15. VIAD is not required to notify and obtain the consent of any other Defendant in this action in order to remove this matter, pursuant to 28 U.S.C. §1442(a). *Ely Valley Mines, Inc. v. Hartford Acc. & Indem. Co.*, 644 F.2d 1310, 1314-15 (9th Cir. 1981).

16. As required by 28 U.S.C. §1446(b) and the local rules of this Court, true and correct copies of the pleadings served upon VIAD are being filed with this Notice of Removal.

## CONCLUSION

Removal of this action is proper under 28 U.S.C. §1442, because it is a civil action brought in a state court, and the federal district courts have original jurisdiction over the subject matter pursuant to 28 U.S.C. §1442(a)(l) because VIAD, as the alleged successor-in-interest to GRISCOM RUSSELL, was acting under an officer or agency of the United States government, namely the United States Navy.

WHEREFORE, VIAD, pursuant to these statutes and in conformance with the requirements set forth in 28 U.S.C. §1446, remove this action for trial from the Rhode Island Superior Court, Providence County.

The Defendant,
Viad Corp. for Griscom-Russell,
By its Attorneys,

Stephen Adams
R.I. Bar No. 5577
sadams@taylorduane.com
Melissa A. Malone
R.I. Bar No. 7313
mmalone@taylorduane.com
TAYLOR DUANE BARTON & GILMAN, LLP
10 Dorrance Street, Suite 700
Providence, RI 02903
(401) 273-7171
(401) 273-2904 – Fax

**I hereby certify that the above document was served on all counsel on July 7, 2006.**

Stephen Adams